UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MILTON SMILEY,

    Applicant,

v.                                              CASE NO. 8:24-cv-343-SDM-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

## ORDER

Smiley applies for the writ of habeas corpus and moves for leave to proceed *in forma pauperis* ("IFP").[1] Smiley filed his papers with the United States District Court for the District of Columbia, which transferred the action to the United States District Court for the Northern District of Florida because Smiley is imprisoned in

---

[1] Smiley is cautioned that a party appearing *pro se* is nevertheless required to comply with the Local Rules of this court, the Federal Rules of Civil Procedure, and the Rules Governing Section 2254 Cases. The failure to comply with these rules might result in sanctions, including the dismissal of this action. *Castro v. Director, F.D.I.C.*, 449 F. App'x 786, 788 (11th Cir. 2011) ("[T]he district court did not abuse its discretion in dismissing [Castro's] complaint without prejudice under M.D. Fla. Local Rule 1.03(e). Indeed, even if, as Castro claims, the district court never informed him that he was required to pay a filing fee or file a request to proceed IFP under Local Rule 1.03(e), the district court's actions did not affect or otherwise prejudice Castro's ability to assert his civil claim because the district court expressly dismissed Castro's complaint without prejudice.") and *Copeland v. Doe*, 824 F. App'x 663 (11th Cir. 2020) ("The district court abused no discretion in dismissing without prejudice Copeland's 2016 case. That Copeland failed to pay the required filing fee and failed to apply to proceed IFP within 30 days of filing her complaint is undisputed. Copeland's case was thus subject to dismissal under Local Rule 1.03(e).").

    Smiley may obtain a copy of the Local Rules at no charge if he both requests a copy from the clerk's office and provides a self-addressed envelope with sufficient postage, which is required because the clerk cannot pay the mailing cost. Alternatively, Smiley may find a copy of the Local Rules in his prison law library.

that venue, which court correctly transferred the action to this district court because Smiley challenges a conviction from the Sixth Judicial Circuit Court for the State of Florida. Neither the application nor the motion are on the form required by this district, and the financial information in the motion is outdated. To continue with this action Smiley must submit an amended application and an updated motion on the required forms.

Additionally, both the initial application and the initial motion were prepared for Smiley by another inmate, John Armey, who moves (Doc. 7) for leave to participate as an "*amicus curiae*." Under 28 U.S.C. § 1654, a party "may plead and conduct their own cases personally or by counsel . . . ." However, the statute provides "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). *See Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012)[2] ("The right to appear *pro se,* however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others."); *Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970)[3] ("[O]nly licensed lawyers may represent others in court."). Mr. Armey may neither represent Smiley nor appear as an *amicus curiae* on Smiley's behalf in this action. *See Bass v. Benton*, 408 F. App'x 298, 299 (11th Cir.

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2

[3] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

2011) (affirming dismissal because a prisoner proceeding *pro se* cannot seek relief on behalf of a fellow inmate).

The initial application comprises more than thirty pages, plus more than forty pages of exhibits. Smiley is cautioned that the purpose of an application is to allege grounds for relief and facts to support each ground; the purpose is not to expound on legal principles or to number exhibits as *nota bene* or to address the government's separation of powers. Smiley may file a supporting memorandum to address his legal arguments, including exhaustion and procedural default. And, although the transcript of the guilty plea is a proper exhibit to attach to an application, neither a request for judicial records nor a request for public records is a proper exhibit to attach to an application.

The motion (Doc. 7) for leave to appear as *amicus curiae* is **DENIED**. The motion (Doc. 5) for leave to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**. The clerk must send to Smiley both the form for an application for the writ of habeas corpus under Section 2254 and the form for a motion for leave to proceed *in forma pauperis*. Smiley must use the required forms and, not later than **MONDAY, MARCH 25, 2024**, he must amend the application and either move for leave to proceed *in forma pauperis* or pay the five-dollar filing fee. Smiley's failure to

comply with this order might result in the dismissal of this action without further notice.[4]

ORDERED in Tampa, Florida, on February 23, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] If Smiley fails to respond to this order and this action is dismissed, the one-year limitation for filing a federal habeas application might bar a subsequently filed habeas application challenging the same conviction. 28 U.S.C. § 2244(d)(1). Although the one-year limitation is tolled while a properly filed application for state post-conviction relief is pending, *Artuz v. Bennett*, 531 U.S. 4, 8–9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the one-year limitation is not tolled during the pendency of a federal habeas application. *Duncan v. Walker*, 533 U.S. 167 (2001).